# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN CANCEL, a minor, by and through guardian ad litem, LAURA CANCEL, LORENZO CANCEL, and, LAURA CANCEL, individually,<br><br>                              Plaintiffs,<br>   vs.<br><br>CITY OF EL CENTRO, doing business as EL CENTRO REGIONAL MEDICAL CENTER, UNITED STATES OF AMERICA, DOES 1-25, inclusive,<br><br>                              Defendants. | CASE NO. 10cv1459 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

On July 14, 2010, the United States of America, on behalf of Defendants Clinicas De Salud Del Pueblo and Marisel Chibas, M.D., removed this medical malpractice action from the Superior Court of the State of California. (ECF No. 1). On August 2, 2010, the United States filed a Notice of Certification for Defendants Clinicas De Salud Del Pueblo, and Marisel Chibas, M.D. (ECF No. 6-1). The Notice of Certification, which is signed by an Assistant United States Attorney, states:

> Pursuant to the provisions of 42 U.S.,C. § 233(c), and pursuant to the authority vested in the United States Attorney to make scope of employment certifications under 28 C.F.R. 15.3(a), . . . I hereby find and certify that . . . Defendant Clinicas De Salud Del Pueblo was deemed a federal employee and eligible for Federal Tort Claims Act malpractice during the period at issue in this action. I further certify that Defendant Marisel Chibas M.D., was acting within the scope of her employment as a deemed employee of the United States, pursuant to 42

1  U.S.C. § 233 at the time of such actions.

2  (ECF No. 6-1 at 1-2).

3  The United States concurrently filed a Notice of Substitution of United States of
4  America for Defendants Clinicas De Salud Del Pueblo, and Marisel Chibas, M.D. (ECF No.
5  6) and a Motion to: (1) Amend Caption to Remove Former Defendants Clinicas De Salud Del
6  Pueblo and Marisel Chibas, M.D. From Caption; (2) Substitute United States of America in
7  Place of Former Defendants Clinicas De Salud Del Pueblo, and Marisel Chibas, M.D. (ECF
8  No. 7).

9  Upon review and consideration of the Notice of Certification and the Notice of
10 Substitution, the Court finds that this is a tort action against Defendants Clinicas De Salud Del
11 Pueblo and Marisel Chibas, M.D. arising out of their actions certified by the appropriate
12 official to have been taken within the scope of their employment as deemed federal employees.
13 *See* 28 U.S.C. § 2679(d).

14 The United States also filed a Motion to Dismiss, or in the Alternative, Motion for
15 Summary Judgment. (ECF No. 8). On August 20, 2010, Plaintiffs filed a Non-Opposition to
16 Defendant United States' Motion to Dismiss. (ECF No. 10).

17 The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, provides
18 a remedy for persons injured by the tortious activity of an employee of the United States,
19 where the employee was "acting within the scope of his . . . employment." 28 U.S.C. §
20 1346(b). A FTCA action "shall not be instituted" against the United States unless the claimant
21 first presents his claim to the "appropriate Federal agency" and the claim is denied or the
22 agency fails to make a final disposition of the claim within six months. 28 U.S.C. § 2675(a)
23 . "The claim requirement of § 2675(a) is a jurisdictional limitation." *Meridian Intern.*
24 *Logistics, Inc. v. United States*, 939 F.2d 740, 743 (1991) (citing *Blain v. United States*, 552
25 F.2d 289, 291 (9th Cir. 1977)). 28 U.S.C. § 2679(d)(5) provides:

26 Whenever an action or proceeding in which the United States is substituted as
   the party defendant under this subsection is dismissed for failure first to
27 present a claim pursuant to section 2675(a) of this title, such a claim shall be
   deemed to be timely presented under section 2401(b) of this title if--
28 (A) the claim would have been timely had it been filed on the date the
   underlying civil action was commenced, and

      (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

    This case was initiated in state court on December 2, 2009, and removed to this Court on July 14, 2010. (ECF No. 1). Plaintiff Dylan Cancel presented his administrative claim to the federal agency on May 4, 2010, and Plaintiffs Lorenzo Cancel and Laura Cancel presented their administrative claims to the federal agency on May 3, 2010. (ECF No. 8-1 at 5; 10 at 2, 5-6). The parties agree that the federal agency has not made a final disposition of Plaintiffs' administrative claims pursuant to the Federal Tort Claims Act and the federal agency has not been provided the statutorily permitted six months to make a such a final decision. (ECF Nos. 8-1 at 5; 10 at 2). Therefore, as to Defendants Clinicas De Salud Del Pueblo and Marisel Chibas, M.D., this action is dismissed pursuant to 28 U.S.C. §§ 2675(a), 2679(d)(5); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The [Federal Tort Claims Act] bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.")

    IT IS HEREBY ORDERED, pursuant to the Federally Supported Health Centers Act of 1992 (Pub. L. 102-501) and 42 U.S.C. § 233(a)-(c), that the United States of America shall be substituted as a defendant herein, in place of Defendants Clinicas De Salud Del Pueblo and Marisel Chibas, M.D. and that the title of the action be amended accordingly.

    IT IS FURTHER ORDERED that as to Defendants Clinicas De Salud Del Pueblo and Marisel Chibas, M.D. this action is dismissed.

DATED: October 5, 2010

                                             **WILLIAM Q. HAYES**
                                             United States District Judge